SUSAN H. HANDELMAN (SBN 142521)
GREGORY M. GENTILE (SBN 142424)
TERRY P. ANASTASSIOU (SBN 157996)
ROPERS MAJESKI KOHN & BENTLEY PC
1001 Marshall Street Suite 300
Redwood City, CA 94063
Telephone: (650) 780-1759
Email: shandelman@rmkb.com

Special Appellate Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

ZF MICRO SOLUTIONS, INC.,
A Delaware corporation

Debtor.

926 Industrial Avenue
Palo Alto, CA 94303

Employer Tax I.D. No.: 30-0035122

Case No. 10-60334-ASW-11

Chapter 11

EX PARTE APPLICATION FOR ORDER AUTHORIZING
AND APPROVING EMPLOYMENT OF SPECIAL APPELLATE COUNSEL

TO: THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

The EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL APPELLATE COUNSEL (the "Application") of ZF Micro Solutions, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 case, respectfully requests authority to employ Ropers Majeski Kohn & Bentley PC ("RMKB") as its special appellate counsel pursuant to Sections 327(e) and 1107 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2014. The facts supporting this Application are as set forth herein and in the DECLARATION OF SUSAN H. HANDELMAN IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL APPELLATE COUNSEL filed concurrently herewith. In support of its request, the Debtor respectfully represents as follows:

1. The Debtor's Chapter 11 case was commenced on October 1, 2010 (the "Filing Date"). The Debtor is operating its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors has not been appointed in this case.

## I. SCOPE OF SERVICES

3. By this Application, the Debtor seeks authority from this Court to employ RMKB as its special appellate counsel in the Chapter 11 case effective as of the Filing Date. The Debtor is presently in need of special appellate counsel to assist it in the matters hereinafter described. Prior to the Filing Date, the Debtor utilized RMKB to advise and represent it with respect to that certain action entitled *TAT Capital Partners, Ltd et al., v. ZF Micro Solutions, Inc., et al.*, Case Number 1-05-CV-035531 (the "TAT Suit"), in which the plaintiffs therein obtained a multi-million dollar judgment against the Debtor and certain of its shareholders (the "TAT Judgment"). The TAT Judgment is currently on appeal, proceeding in the California Court of Appeal, Sixth Appellate District under Appeal No. H035968 (the "TAT Appeal"). The Debtor and RMKB have agreed that RMKB's services to the Debtor within the bankruptcy case will include, without limitation, (subject to any conflict issues that may arise in particular instances), performing legal services with respect to and representing the Debtor in the TAT Suit and the TAT Appeal, specifically, the appeal of the TAT Judgment and providing additional services as may be requested by the Debtor.

## II. ELIGIBILITY AND DISINTERESTEDNESS

4. RMKB is a law firm with attorneys licensed to practice law and in good standing in California and elsewhere. The attorneys of RMKB are skilled counsel in California litigation matters and appellate proceedings and have special knowledge which will enable them to perform services of particular benefit to the Debtor. RMKB has decades of experience in the representation of judgment debtors and creditors and has significant knowledge and understanding of the state appellate process, the California Code of Civil Procedure, California law and the Local Rules of California appellate courts.

5. With its representation of the Debtor as its special appellate counsel prior to the Filing Date, RMKB has special knowledge about the Debtor that will enable it to perform services of

particular benefit to the Debtor.

6. The proposed lead attorney for RMKB is Susan H. Handelman. Ms. Handelman is a partner in the RMKB law firm and chair of its appellate department. Ms. Handelman is certified by the California State Bar Board of Legal Specialization as an appellate specialist and has been so certified since 1996. Ms. Handelman's experience includes handling of appellate matters over the past twenty years in all of California's appellate courts, the Ninth Circuit Court of Appeals, the Federal Circuit Court of Appeals and the United States Supreme Court.

7. As a condition to its employment in this bankruptcy case, RMKB has performed a conflicts check based upon a list of all of the Debtor's vendors, creditors, employees, equity security holders, affiliates and other parties in interest supplied to it by the Debtor's bankruptcy counsel. RMKB may, in the ordinary course of the practice of law and in matters not related to this bankruptcy case or to the matters for which RMKB is being retained, have represented creditors of the bankruptcy estate, or other parties in interest, or their respective attorneys and accountants. Nonetheless, to the best of the Debtor's knowledge, information and belief, RMKB does not hold or represent an interest adverse to the bankruptcy estate herein with respect to the matters for which such counsel is to be employed and, with the exception of its representation of the Debtor prior to the commencement of this bankruptcy case and the matters described below, RMKB has no connection with the Debtor, any major creditors of the Debtor included in the conflicts check, or other parties in interest included in the conflicts check:

    a. All of the payments to RMKB in this matter were made directly to RMKB by Feldman, Armstrong and the Additional Defendants, each as defined hereinafter. While RMKB does not believe that this creates or otherwise gives rise to a conflict of interest in its representation of the Debtor in the TAT Suit, to the extent that it does create or otherwise give rise to a conflict of interest, the Debtor has agreed to waive any such conflict of interest and has asked RMKB to represent it in the TAT Suit notwithstanding any such conflict of interest;

    b. The plaintiffs in the TAT Suit obtained judgments against the Debtor and certain of its shareholders including, David L. Feldman ("Feldman") and Marsha F. Armstrong ("Armstrong"). Feldman and Armstrong, both insiders of the Debtor and of each other, have each

filed their respective individual Chapter 11 Voluntary Petitions in the United States Bankruptcy Court for the Northern District of California. A Notice of Related Cases has been filed in this case. RMKB represents the Debtor, Feldman and Armstrong in the TAT Suit. As affiliates and/or insiders of one or all of the other, the Debtor acknowledges that each of the Debtor, Feldman and Armstrong may have legal rights and claims against any of the others including, without limitation, as a result of joint, several and/or guaranteed liabilities, setoffs, and/or rights of indemnification, contribution and/or subrogation. In addition to being shareholders and insiders of the Debtor, Feldman and Armstrong may also be creditors of the Debtor in so much as they provided loans to the Debtor as provided in the Debtor's Schedule F. While RMKB and the Debtor do not believe that RMKB's joint representation of the Debtor, Feldman and Armstrong in the TAT Suit creates or gives rise to a conflict of interest as all defendants'/judgment creditors' interests in the TAT Suit are aligned, to the extent that it does create or give rise to a conflict of interest, the Debtor agrees to waive any such conflict of interest, and has asked RMKB to represent it in the TAT Suit and in this Chapter 11 case notwithstanding any such conflict of interest. The Debtor agrees that in the event of a conflict of interest or dispute between or among the Debtor, Feldman and Armstrong, RMKB will not represent any of them against any other, and all agree to engage separate counsel to represent them regarding any such dispute;

    c.    In addition to the Debtor, Feldman and Armstrong, the plaintiffs in the TAT Suit also obtained judgments against certain of the Debtor's shareholders, including the following: Arthur Burton, Philip Cohen, Ram Paul Gupta, T.W. Ireland, Howard F. Kale, John R. Lio, Gerald E. Masterson, Lewis V. Milligan, Frederic G. Rector, Doug Stead, Hal Snyder, Alfred J. Stein, Brian Stein, Salvatore V. Valente, Bert Wall, James Wall, Jean K. Daiker, David Arthur, Marsha Armstrong, Kenneth Baker, Jay Shotwell (collectively, the "Additional Defendants")[1]. Almost all of the Additional Defendants are also Appellants represented by RMKB in the TAT Appeal. Exceptions include Jean K. Daiker, who has withdrawn from the appeal, and Ram Paul Gupta. In addition to being shareholders, certain of the Additional Defendants, including Frederic G. Rector,

---

[1] The Debtor, Feldman, Armstrong and the Additional Defendants will be referred to hereinafter as the "Defendants."

David Arthur, James Wall, Philip Cohen, and T.W. Ireland, may also be creditors of the Debtor in so much as they provided loans to the Debtor as provided in the Debtor's Schedule F. The Debtor does not believe this representation creates a conflict of interest as all Defendants' interests in the TAT suit are aligned. To the extent that RMKB's representation of the herein identified Additional Defendants in the TAT Appeal does create or otherwise give rise to a conflict of interest, the Debtor has agreed to waive any such conflict of interest. The Debtor agrees that in the event of a conflict of interest or dispute between or among the Debtor and any of the herein described Additional Defendants, RMKB will not represent any of them against any other, and all agree to engage separate counsel to represent them regarding any such dispute.

   d. In addition to the above, the following creditors and/or parties in interest of the Debtor are entities with whom RMKB has had or currently has a client relationship with regards to matters wholly unrelated to this bankruptcy case: Ace Westchester Specialty Claims, Blue Shield of California (matter closed more than 17 years ago; another matter closed three years ago), Travelers Insurance Co., Bay Alarm (closed more than 14 years ago), City of Palo Alto (Ms. Handelman served approximately two years ago as appellate mediator in a matter involving the City of Palo Alto). RMKB's connections with these entities are wholly unrelated to its proposed representation of the Debtor in this Chapter 11 case. Additionally, RMKB's representation of the Debtor herein will in no way be affected by the above-described connections. The Debtor believes that there are no actual or reasonably foreseeable adverse consequences to the Debtor, the bankruptcy estate or the herein-mentioned entities by virtue of RMKB's representation of the Debtor in this case. If a dispute arises between the Debtor on the one hand, and any of the herein-named creditors or parties in interest on the other on account of such parties' claim against the estate, RMKB will not represent one against the other.

   e. RMKB does not hold a pre-petition claim against the bankruptcy estate.

   f. The Debtor believes that under § 327(e), RMKB's employment is appropriate as the firm is being employed for specific purposes outside of the general administration of the Debtor's bankruptcy estate.

RC1/5718748.1/BL1   5   EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL APPELLATE COUNSEL

Case: 10-60334   Doc# 26   Filed: 10/15/10   Entered: 10/15/10 15:07:41   Page 5 of 8

## III. TERMS OF EMPLOYMENT

8. The compensation paid or agreed to be paid by the Debtor for services rendered or to be rendered by RMKB in connection with the TAT Suit and TAT Appeal is as follows:

    a. **Hourly Rates.** The Debtor has agreed that RMKB, subject to the approval of the Court, shall be employed under a general retainer, on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to Sections 328, 330, 331, 503, and 507 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, and the fee guidelines promulgated by this Court. The current hourly rates of the attorneys of RMKB are as follows:

| Name | Rate Per Hour |
|---|---|
| Susan H. Handelman | $400.00 |
| Terry P. Anastassiou | $350.00 |
| Gregory M. Gentile | $325.00 |
| Associates | $265.00 |
| Paralegals | $100.00 |

Attorneys' fees are billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less. These hourly rates are subject to periodic review and increase.

    b. **Expense Reimbursement.** The Debtor has also agreed that RMKB shall be reimbursed for its expenses incurred in connection with this case. The amounts currently charged by RMKB for ordinary and customary expenses are as follows:

| | |
|---|---|
| Automobile travel: | 50¢ / mile |
| Faxes (incoming only): | 20¢ / page |
| Internal photo-copying: | 20¢ / copy |
| Computerized research: | actual cost |
| Court reporter/transcript fees: | actual cost |
| Document storage & disposal: | actual cost |
| Filing fees: | actual cost |
| Lien searches: | actual cost |
| Long distance telephone: | actual cost |
| Messenger: | actual cost |
| Other travel (e.g. airfare): | actual cost |
| Outside photo-copying: | actual cost |
| Overnight delivery: | actual cost |
| Parking: | actual cost |
| Postage: | actual cost |

| | |
|---|---|
| Printing: | actual cost |
| Process service: | actual cost |
| UCC Searches: | actual cost |
| Witness fees: | actual cost |
| Working meals: | actual cost |

    c.    <u>Payments</u>. In the year prior to the commencement of the case, RMKB received no payments from the Debtor but received the following payments from Feldman and Armstrong collectively:

| DATE | AMOUNT |
|---|---|
| 6/10/2010 | $20,000 |
| 6/18/2010 | $100,000 |
| 6/21/2010 | $100,000 |

These payments were made directly to RMKB by Feldman and Armstrong. RMKB also received the following payment from the Additional Defendants collectively.

| DATE | AMOUNT |
|---|---|
| 9/8/2010 | $29,987.48 |

    Of the total payments of $249,987.48 received by RMKB from Feldman, Armstrong and the Additional Defendants, RMKB incurred and applied $144,367.14 for services rendered to the Defendants prior to the commencement of the case, leaving a remaining advance retainer (the "<u>Chapter 11 Advance Retainer</u>") on the Filing Date of $105,620.34.

    d.    <u>Additional Compensation</u>. The Debtor has also agreed to pay RMKB all additional attorneys' fees and costs incurred after the commencement of the case in excess of the Chapter 11 Advance Retainer, subject to the approval of the Court.

    e.    <u>Interim Compensation Procedure</u>. The Debtor has also agreed that RMKB may move the Court for an order approving an interim compensation procedure allowing the Debtor to pay attorneys' fees and costs on a monthly basis, and if such an interim compensation procedure is approved by the Court, such fees and costs shall be so paid. In the event that RMKB does not so move the Court, or the Court does not approve such an interim compensation procedure, RMKB shall have the right to apply to the Court for additional fees and costs pursuant to the Bankruptcy Code, which authorizes applications for such interim compensation to be submitted once every one

hundred twenty (120) days, or more frequently if authorized by the Court. Payment shall be immediately forthcoming upon approval of such fees and costs.

  f. Neither RMKB nor any of its shareholders or employees have shared or agreed to share any of the aforementioned compensation with anyone except the shareholders and regular employees of RMKB.

**WHEREFORE**, the Debtor prays that this Court enter its Order:

1. Approving the Application;

2. Authorizing the Debtor to employ RMKB as its special appellate counsel, upon the terms and conditions set forth above, effective as of the Filing Date; and

3. For such other and further relief as the Court deems just and proper.

Dated: October __, 2010    **ZF MICRO SOLUTIONS, INC.,**

By /s/ *David L. Feldman*
 David L. Feldman
 Chief Executive Officer and
 Sole Board Member

Dated: October __, 2010

ROPERS MAJESKI KOHN BENTLEY PC

By: /s/ *Susan H. Handelman*
 Susan H. Handelman
 Special Appellate Counsel for Debtor

RC1/5718748.1/RL1   8   EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL APPELLATE COUNSEL

Case: 10-60334   Doc# 26   Filed: 10/15/10   Entered: 10/15/10 15:07:41   Page 8 of 8