JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310), rrogan@jmbm.com
JOSEPH N. DEMKO (Bar No. 113104), jdemko@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), mkenefick@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Creditor
TAT CAPITAL PARTNERS, LTD.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ZF MICRO SOLUTIONS, INC., a Delaware corporation,<br><br>Debtor. | CASE NO. 10-60334-ASW-11<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF TAT CAPITAL PARTNERS, LTD. IN OPPOSITION TO MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF**<br><br>Date: January 28, 2011<br>Time: 2:00 p.m.<br>Place: United States Bankruptcy Court<br>280 S. First Street, Room 3020<br>San Jose, CA 95113<br>Judge: Hon. Arthur S. Weissbrodt |

Creditor TAT Capital Partners, Ltd. ("**TAT**") opposes the Motion of Judgment Debtor ZF Micro Solutions, Inc. ("**Debtor**") for an Order Extending the Exclusive Periods During Which Only the Debtor May File a Plan and Solicit Acceptances Thereof (Docket No. 63) (the "**Motion**") because Debtor has not established the requisite cause under 11 U.S.C. §1121(d).

///

///

# 1. DEBTOR HAS NOT MET ITS BURDEN OF ESTABLISHING CAUSE FOR EXTENDING THE EXCLUSIVITY PERIODS FOR THE MAXIMUM AMOUNT ALLOWED BY LAW

Debtor seeks the maximum extensions possible under 11 U.S.C. § 1121(d), to extend the exclusivity periods to April 1, 2012 (for the exclusive filing period) and June 1, 2012 (for the exclusive solicitation period) -- eighteen (18) and twenty (20) months (respectively) after the commencement of this bankruptcy action. Exclusivity can only be extended "for cause." 11 U.S.C. §1121(d). The purpose of the exclusivity period is to give the debtor an opportunity to negotiate with creditors in advance of proposing and confirming a plan.

Debtor argues that its pending appeal from an adverse jury verdict and judgment (Debtor's "**Appeal**" of TAT's and Sands'[1] "**Judgment**") is sufficient cause to extend the exclusivity period for the maximum allowable period. However, Debtor fails to meet its burden of establishing the requisite cause because Debtor does not attempt to demonstrate that it would be able to reorganize *even if* the Appeal were to be resolved in its favor before the end of the proposed extended periods.

Debtor's Statement of Affairs and pleadings filed to date establish that Debtor has no reasonable chance of reorganization because of the magnitude of its liabilities and its minimal amount of assets and income. It is also highly speculative, and statistically very unlikely, that the Appeal will be resolved in its favor; or, for that matter, even resolved before the end of the proposed extensions. Debtor has essentially admitted that it does not even plan to attempt to negotiate with TAT and Sands to resolve the Appeal. The Court should deny the Motion because Debtor has failed to carry its burden of showing that there is cause to extend the exclusivity periods.

# 2. APPEAL FROM AN ADVERSE JUDGMENT IS NOT CAUSE TO EXTEND THE EXCLUSIVITY PERIODS

Squarely on point is the matter of *In re American Federation of Television and Radio*

---

[1] Sands Brothers Venture Capital LLC and SB New Paradigm Associates LLC (collectively, "Sands").

*Artists*, 30 B.R. 772 (S.D. NY 1983), which held as follows:

> The pendency of an appeal from an adverse judgment does **not** constitute "cause" for an extension of the exclusivity periods to propose a plan of reorganization and to obtain acceptances of said plan, pursuant to 11 U.S.C. § 1121(d).

*American Federation*, 30 B.R. at 774 (emphasis-added).

In *American Federation*, the debtor was a labor union comprised of 55,000 members and thirty-nine local affiliates. *Id.* at 773. A judgment was entered against the debtor for more than $10 million. *Id.* at 774. The debtor filed an appeal from the judgment; however, did not obtain a stay of enforcement of the judgment. *Id.* Approximately six (6) months after the entry of judgment, the debtor filed its bankruptcy petition. *Id.* at 773. Almost all of the debtor's liabilities arose from the judgment, which precipitated the filing for bankruptcy. *Id.* at 774. The debtor filed a motion to extend the exclusivity periods to file a plan of reorganization, or to obtain acceptances of the same, pursuant to 11 U.S.C. § 1121(d). *Id.* The Bankruptcy Court found that the debtor had not demonstrated "cause" for such extensions, and denied the motion. *Id.*

In reaching its conclusion, the *American Federation* court found that although the debtor had 55,000 members and the adverse judgment against it exceeded $10 million, it was not an "unusually large case" (within the meaning of 11 U.S.C. § 1121(d)) that would warrant granting the motion. *Id.* at 774. The court further explained that the debtor had failed to demonstrate that it could successfully reorganize if the exclusivity periods were extended, a crucial element. *Id.* The *American Federation* court, thus, found that the debtor was not entitled to an extension of the exclusivity periods. *Id.*

As in *American Federation*, the sole catalyst for Debtor's filing this Chapter 11 case was the entry of the Judgment. Instead of obtaining a stay of enforcement during the Appeal, Debtor filed this case. As in *American Federation*, this is not an "unusually large case" – Debtor's total liabilities are only about $8 million (*See* Docket No. 23-1 at p.1). And similar a to *American Federation*, this Debtor has not even attempted to demonstrate that it could possibly raise sufficient funds to undertake a meaningful reorganization. Note that even if the $6.5 million Judgment claim is magically removed after the Appeal, Debtor will still have to try to confirm a plan to deal with

- 3 -    Opp. to Debtor's Mtn. to Extend Excl. Periods

approximately $1.5 million in other claims with virtually no assets available. Debtor's response: if it cannot negotiate with the creditors other than TAT and Sands, it will have to convert the case! Motion, at ¶21, 6:6-8. A possible conversion of the case could not possibly be cause sufficient to extend exclusivity.

### A. Debtor Has Failed To Demonstrate That It Could Successfully Reorganize If Granted The Proposed Extension

Debtor has not submitted to this Court any evidence that it could successfully reorganize if the exclusivity periods were extended. Debtor has virtually no assets. As of November 29, 2010, Debtor had a total of $44.20 in accounts receivables, $3,487.20 in personal property (*See* Docket No. 51 at p.4) and no real property (*See* Docket No. 23-1 at p.30). Debtor plans to use the meager assets it has (some inventory and about $50,000 in cash) for operations. Debtor predicts that its operations will result in a net <u>loss</u> of $42,959.58 through September 2011. (*See* Docket 52-2, at p.2). Even if Debtor wins the Appeal outright within the extended periods (discussed below), Debtor will still have more than $1.5 million in remaining liabilities. This $1.5 million in liabilities, juxtaposed against Debtor's miniscule amount of assets and income, yields only one conclusion: Debtor will be just as unable to reorganize at the end of the proposed extensions as it is right now.

#### 1. Even Assuming *Arguendo* That If Debtor' Appeal Would Make Reorganization Possible (*Which It Will Not*), It Is Highly Unlikely That Debtor's Appeal Will Be Successful

The lack of Debtor's ability to successfully reorganize following the proposed extensions is even further highlighted by the speculative nature of the Appeal -- the sole reason proferred for the proposed extensions. First, the likelihood of the Appeal being successful is very small, as only 10% of appeals are successful. *See* Kenefick Decl.,[2] Exhibit 1 at p. 26 (10% of all California appeals during the time period of 2007-2009 resulted in complete reversal of the underlying decision). The underlying trial verdict was not a close call. After a six (6) week jury

---

[2] The accompanying Declaration of Matthew S. Kenefick in Support of Opposition to Motion for Order Extending the Exclusive Periods During Which Only the Debtor May File a Plan and Solicit Acceptances Thereof (the "**Kenefick Decl.**").

- 4 -      Opp. to Debtor's Mtn. to Extend Excl. Periods

trial, the jury came back in a matter of hours with a unanimous verdict in favor of TAT (and Sands). *See* Kenefick Decl., ¶ 3. Debtor has not presented a single reason why this Court should conclude that Debtor would fare any better if it could take a second bite of the apple.

Even if Debtor does prevail on Appeal, how will this insolvent company finance a second six (6) week long jury trial? We are left to speculate about that, because Debtor failed to even discuss this option in the Motion. Note that Debtor has lost lawsuits against two insurers, asserts two claims for malpractice against its former attorneys, its principal, David Feldman, is a Chapter 11 debtor himself with few liquid assets, and its principal financier, Marsha Armstrong, is also a Chapter 11 debtor.

### 2. Debtor's Appeal Will Likely Not Be Resolved By End Of The Proposed Extension Period

Debtor seeks the maximum extension of the exclusivity periods -- 18 and 20 months. The likelihood of the Appeal being resolved before the end of the proposed extensions, however, is speculative *at best*. This is because the Appeal is very complicated and will likely consume *at least* the 90th percentile of the time for appellate resolution in the Sixth District. The underlying State Court Action lasted more than five (5) years, involved 20+ parties, involved three (3) trial phases, had two (2) separate jury verdicts, involved more than thirty (30) motions in limine and involved thirty (30) days of jury trial. *See* Kenefick Decl., ¶ 3. One need only look at Debtor's designation of the record on the Appeal to appreciate the magnitude of the facts and arguments the Sixth District Court of Appeal must digest. *See* Kenefick Decl., Exhibit 3.

The 90th percentile of time from notice of appeal to opinion for civil appeals in the Sixth District (where the Appeal is pending) is 773 days (or two years and 42 days). *See* Kenefick Decl., Exhibit 1 at p.17. The notice of the Appeal was filed on August 24, 2010 (Kenefick Decl., Exhibit 2); thus, the Appeal will likely not be resolved until October, 2012, long after the maximum possible extensions expire on April 1, 2012 and June 1, 2012.

As such, it is speculative at best, and unlikely at most, that the Appeal will be resolved before the end of the proposed extension periods. In any event, a successful Appeal will not improve Debtor's likelihood of reorganizing because there is no evidence that this Debtor can

afford to fund a second, long and costly jury trial. Even if Debtor could successfully defend itself during a second trial, it will still be faced with administering $1.5 million in claims of other creditors, with only a paucity of assets available.

## 3. CONCLUSION

Debtor has failed to meet its burden of establishing the cause required under Section 1121(d) to extend the exclusivity periods for any length of time, let alone the maximum possible extensions that it seeks. Debtor admits it has no chance of reorganization unless its Appeal completely reverses the Judgment against it, but even then, Debtor fails to explain how it could possibly fund a successful re-trial of its defense and a reorganization of about $1.5 million in claims. Facts presented by Debtor itself in this case show that it has few assets and its operations lose money.

Under *American Federation,* an Appeal from an adverse judgment does not constitute cause to grant the extensions, which is the sole basis asserted by Debtor in the Motion. Because Debtor has failed to establish the requisite cause, the Court should deny the' Motion.

Respectfully submitted,

DATED: January 21, 2011

JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN
JOSEPH N. DEMKO
MATTHEW S. KENEFICK


By: /s/ Richard A. Rogan
　　　RICHARD A. ROGAN
Attorneys for Creditor
TAT CAPITAL PARTNERS, LTD.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On January 21, 2011 I served the document(s) described as

**MEMORANDUM OF POINTS AND AUTHORITIES OF TAT CAPITAL PARTNERS, LTD. IN OPPOSITION TO MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF**

in this action addressed as follows:

**Gregory M. Gentile**
Ropers, Majeski, Kohn and Bentley
80 N 1st St.
San Jose, CA 95113
(408) 287-6262
Email: ggentile@ropers.com

**Jenny L. Fountain**
Law Offices of Murray and Murray
19400 Stevens Creek Blvd. #200
Cupertino, CA 95014
(408) 907-9200
Email: jfountain@murraylaw.com

**John Walshe Murray**
Law Offices of Murray and Murray
19400 Stevens Creek Blvd. #200
Cupertino, CA 95014-2548
(650) 852-9000
Email: jwmurray@murraylaw.com

*U.S. Trustee*
**Office of the U.S. Trustee / SJ**
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

☒ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at San Francisco, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

*Debtor*
**ZF Micro Solutions, Inc.**
926 Industrial Avenue
Palo Alto, CA 94303

*Responsible Ind*
**David L. Feldman**
Chief Executive Officer
926 Industrial Ave.
Palo Alto, CA 94303

Executed on January 21, 2011 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____
Angela Pereira