JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310), rrogan@jmbm.com
JOSEPH N. DEMKO (Bar No. 113104), JDemko@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298),
mkenefick@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Secured Creditor
TAT CAPITAL PARTNERS, LTD.,

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ZF MICRO SOLUTIONS, INC.,<br><br>Debtor. | CASE NO. 10-60334-ASW-11<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION TO EXTEND EXCLUSIVITY**<br><br>Date:    July 21, 2011<br>Time:    3:00 p.m.<br>Courtroom:    3020<br>Judge:    Hon. Arthur S. Weissbrodt |

      Secured Creditor TAT Capital Partners, Ltd. opposes the request by Debtor ZF Micro Solutions, Inc. to further extend the exclusivity period. The sole purpose of this Debtor's motion to extend the exclusivity period is to wait out the appeal of the State Court judgment in favor of TAT. Although it is not bad faith to file a bankruptcy case in order to stay enforcement of a judgment, these facts are not appropriate grounds to indefinitely extend the exclusivity period. <u>In re Amer. Fed. Of Television and Radio Artists</u>, 30 B.R. 772, 774 (S.D.N.Y. 1983).

      Five months ago, the Court extended the exclusivity period. Since then, this Debtor has taken no steps toward meeting its ongoing burden of proposing a Plan of Reorganization with a realistic possibility of confirmation within a reasonable period of time. It is obvious that Debtor does not intend to propose a Plan of Reorganization under any circumstances. If its appeal is entirely successful and results in a reversal of the underlying State Court judgment, it will no longer

be insolvent and will dismiss the case. If, on the other hand, its appeal fails or results in a retrial of the Superior Court action, it will be incapable of proposing a Plan of Reorganization that can be confirmed. The Debtor is thinking only of itself. Neither position is in the best interests of creditors.

Extensions of the exclusivity period are meaningful when a debtor is actually moving forward and making progress in attempting to confirm a plan of reorganization, but as noted above, that is not what is occurring in this case. The Motion should be denied.

Respectfully submitted,

DATED: July 6, 2011

JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN
JOSEPH N. DEMKO
MATTHEW S. KENEFICK

By: /s/ Richard A. Rogan
RICHARD A. ROGAN
Attorneys for Secured Creditor
TAT CAPITAL PARTNERS, LTD.