JOHN WALSHE MURRAY (074823)
JENNY L. FOUNTAIN (226241)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: jlfountain@murraylaw.com

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>**ZF MICRO SOLUTIONS, INC.,**<br>A Delaware corporation,<br><br>Debtor.<br><br>926 Industrial Avenue<br>Palo Alto, CA 94303<br><br>Employer Tax I.D. No.: 30-0035122 | Case No. 10-60334-ASW-11<br><br>Chapter 11<br><br>Date: July 21, 2011<br>Time: 3:00 p.m.<br>Place: United States Bankruptcy Court<br>280 S. First St., Room 3020<br>San Jose, CA 95113<br>Judge: Honorable Arthur S. Weissbrodt |

**DEBTOR'S REPLY TO TAT'S OPPOSITION TO MOTION TO EXTEND EXCLUSIVITY**

ZF Micro Solutions, Inc., a Delaware corporation, the debtor and debtor in possession herein (the "Debtor"), hereby replies (the "Reply") to the OPPOSITION TO MOTION TO EXTEND EXCLUSIVITY ("Opposition") filed by TAT Capital Partners, Ltd ("TAT"). The Reply is based on the DECLARATION OF DAVID L. FELDMAN IN SUPPORT OF DEBTOR'S REPLY TO OPPOSITION TO MOTION TO EXTEND EXCLUSIVITY (the "Feldman Declaration") filed concurrently herewith, the pleadings on file herein, and such other evidence as be submitted orally or in writing to the Court at or before the hearing on the Debtor's SECOND MOTION FOR ORDER EXTENDING THE EXCLUSIVITY PERIODS DURING WHICH ONLY THE DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF

("Motion").

1. There is sufficient cause to extend the Exclusivity Periods.[1] At the hearing on the Debtor's first motion to extend the Exclusivity Periods, this Court indicated that, to further extend exclusivity, this Court would require the Debtor to provide details regarding the status and merits of the TAT Appeal and the reasoning why an extension is warranted while the TAT Appeal proceeds. As such, the Debtor devoted a significant portion of the Motion to providing this Court with the requested information. In summary, the TAT Appeal is almost fully briefed, the Debtor anticipates a ruling before April 2012, and extending the exclusivity Periods until completion of the TAT Appeal will benefit the Debtor's estate and entire creditor body and will not harm TAT (in connection with the TAT Appeal, Appellants *other than* Debtor, Feldman and Marsha Feldman Armstrong posted appeal bonds in excess of $5 million. In addition, Respondents collected over $400,000 by executing on the judgment(s) before the bonds were perfected and/or by voluntary payments by various defendants).

2. Moreover, contrary to the Opposition, the Debtor's ability and intent to propose a viable plan is not in question. The Debtor's debts consist overwhelmingly of unsecured debt, all of which must be addressed under a plan of reorganization. However, if the Debtor is successful on the TAT Appeal, approximately $6.5 Million in unsecured debt will be eliminated.

3. Likewise, if the Debtor does not succeed, the Debtor believes that it can obtain sufficient funding from new equity to fund a confirmable and successful chapter 11 plan.

4. The Debtor needs additional time to formulate a plan as plan terms will be dependent upon the outcome of the currently pending TAT Appeal and Cross Action. While many chapter 11 plans contain contingencies and alternatives, it is unnecessary and impractical to incur the expense of formulating, filing and soliciting a plan in this case at this time. Thus, efficiency, economy and preservation of the bankruptcy estate are the driving force behind the Debtor's Motion.

5. Preserving estate funds is beneficial to all creditors, not solely the Debtor.

6. It would be impractical and expensive to submit such an uncertain plan to creditors and it would only cause unnecessary expense to the bankruptcy estate and confusion in the creditor

---

[1] All Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

body.

WHEREFORE, the Debtor respectfully requests that this Court enter its order granting the Motion and overruling the Opposition.

Dated: July 18, 2011

**MURRAY & MURRAY**
A Professional Corporation

By: */s/ Jenny Lynn Fountain*
Jenny Lynn Fountain
Attorneys for Debtor

Case: 10-60334   Doc# 107   Filed: 07/18/11   Entered: 07/18/11 17:47:30   Page 3 of 3

K:\ZF Mirco Solutions\Pld\Mot- Exclusivity\Second Motion\Reply\Replyv2.docx   3   DEBTOR'S REPLY TO TAT'S OPPOSITION TO MOTION TO EXTEND EXCLUSIVITY